FILED

DEC 2 3 2013

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARVIN ESTERLING, and | * | CIV13-4105-RAL |
| IONA JEAN DUERFELDT-ESTERLING | * | |
| | * | |
| Plaintiffs, | * | OPINION AND ORDER DENYING |
| | * | MOTION FOR INTRA-DISTRICT TRANSFER |
| | * | |
| | * | |
| vs. | * | |
| | * | |
| | * | |
| | * | |
| JAKE ROBERT MCGEHEE | * | |
| | * | |
| Defendant, | * | |

Defendant Jake Robert McGehee ("McGehee") filed a Motion for a Change of Venue,

Doc. 10, within the District of South Dakota, from the Southern Division located in Sioux Falls

to the Central Division located in Pierre, under 28 U.S.C. § 1404(a). McGehee recognizes that

transfer of a case to a different division within the District of South Dakota is a matter committed

to the sound discretion of this Court. Doc. 11 at 2. McGehee argues that transfer to the Central

Division is proper because moving this case to the Central Division "results in a more convenient

location for trial." Doc. 11 at 2. Plaintiffs Marvin Esterling and his wife Iona Jean Duerfeldt-

Esterling (collectively the "Esterlings") oppose the motion to transfer, Doc. 14, arguing that a

trial in Sioux Falls is more convenient and less costly than one in Pierre.

McGehee's motion is not controlled by 28 U.S.C. § 1391 because that statute pertains to

venue among districts, rather than within a single district among its divisions. As such, the

venue of this diversity of citizenship action is proper anywhere in the District of South Dakota.

Section 1404 governs the ability of a federal district court to transfer a case within the

district to another division.  Muller v. Gateway Bldg. Sys., Inc., No. 08-CV-4063-RAL, 2010 WL

1740707, at *1 (D.S.D. Apr. 29, 2010).  That statute states that "[f]or the convenience of parties

and witnesses, in the interest of justice, a district court may transfer any civil action to any other

district or division where it might have been brought . . . ."  28 U.S.C. § 1404(a).  This case of

course "might have been brought" in the Central Division of the District of South Dakota, as an

alternative to where it was filed in the Southern Division.  28 U.S.C. § 1404(a).  In deciding on a

motion to transfer, a district court must weigh any case specific factors that relate to

"convenience and fairness . . . ."  In re Apple, Inc., 602 F.3d 909, 912 (8th Cir. 2010) (per

curiam) (internal quotation marks and citations omitted); see also Terra Int'l, Inc. v. Miss. Chem.

Corp., 119 F.3d 688, 691 (8th Cir. 1997) (stating that courts generally must consider the

convenience of the parties, the convenience of the witnesses, and the interests of justice when

deciding a motion to transfer).  In addition, "'federal courts give considerable deference to a

plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically

bears the burden of proving that a transfer is warranted.'"  In re Apple, 602 F.3d at 913 (quoting

Terra Int'l, 119 F.3d at 695).

The convenience factors weigh against transfer from the Southern Division in Sioux Falls

to the Central Division in Pierre.  The Esterlings indicated their desire to venue the case in Sioux

Falls by filing their Complaint in the Southern Division.  The Esterlings reside in Herrick, South

Dakota.  Doc. 1 at 1.  This Court takes judicial notice that Herrick is 164 miles from Sioux Falls

and 135 miles from Pierre.  McGehee resides in Jackson, Mississippi.  Doc. 1 at 1.  Sioux Falls is

a much larger community than is Pierre and thus has far more flights in and out of its airport than

does Pierre.  Sioux Falls also is approximately 230 miles closer to Jackson, Mississippi, than is

Pierre for anyone who would care to drive the distance. McGehee's own attorney is in Sioux Falls. Thus, a trial in Sioux Falls appears to be slightly more convenient to McGehee and approximately the same convenience to the Esterlings.

A Sioux Falls venue also appears more convenient to the likely witnesses, as well. The Esterlings contend, and McGehee does not dispute, that most of the potential witnesses are located either within the Southern Division in and around Sioux Falls or within Minnesota, where the Esterlings received medical treatment. Doc. 14. The relevant documents are likewise in these areas. Doc. 14. Trial in the Southern Division is more convenient to those witnesses, rather than having those witnesses travel the approximately 230 miles from Sioux Falls to Pierre. And Sioux Falls of course is closer than Pierre to the State of Minnesota. McGehee does not list possible witnesses and does not identify any individual witness for whom Pierre is more convenient than Sioux Falls. See Doc. 11; Doc. 15. In total, the balance of conveniences weigh decidedly against transfer. Terra Intern., Inc., 119 F.3d at 696.

The next factor this Court must weigh is how a transfer would affect the "fairness" of the litigation, In re Apple, 602 F.3d at 912, or how a transfer would affect "the interests of justice[,]" Terra Int'l, 119 F.3d at 691. Under this factor, courts consider the affect of a transfer on "(1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law." Id. at 696. This case will remain assigned to the undersigned judge even in the event of a transfer to the Central Division. Transfer will not affect any of the factors related to fairness, judicial economy, or ensuring that a local court determine local law. Denying transfer, however,

will save all parties time and expense. Finally, the plaintiff's choice of forum, here the Southern Division and Sioux Falls, is entitled to "considerable deference[.]" Id. at 695. Thus, both the convenience and fairness factors, combined with deference given to Esterling's choice of venue, weigh in favor of a Sioux Falls venue and against McGehee's motion to transfer.

The car accident giving rise to this lawsuit occurred in rural Gregory County, South Dakota, Doc. 1, an area within the Central Division and generally closer to Pierre than Sioux Falls. The location of the accident, in and of itself, is not dispositive of whether a motion for an intra-district transfer should be granted. The location does not appear, at this point in the litigation, to make the Central Division more convenient or fair in that, for example, Gregory County appears not to be home to a large number of witnesses.

Therefore, it is hereby

ORDERED that Defendant's Motion to Change Venue, Doc. 10, is denied.

Dated December 23ʳᵈ, 2013.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE