UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MARVIN ESTERLING AND IONA JEAN DUERFELDT-ESTERLING,<br><br>Plaintiffs,<br><br>vs.<br><br>JAKE ROBERT MCGEHEE,<br><br>Defendant. | 4:13-CV-04105-RAL<br><br><br>OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

Plaintiffs Marvin Esterling and Iona Jean Duerfeldt-Esterling (individually "Marvin" and "Iona," collectively "the Esterlings") sued Defendant Jake Robert McGehee ("McGehee") after being injured in a motor vehicle accident. After discovery closed, the Esterlings filed a motion for partial summary judgment regarding liability. Doc. 21. McGehee opposed the motion, maintaining his denials of negligence and legal cause of injury and also his affirmative defense of contributory negligence. Doc. 23-3; Doc. 25. For the reasons explained below, this Court grants partial summary judgment on McGehee's liability and on the absence of contributory negligence of the passenger Marvin, but reserves ruling on whether there exists a jury issue on driver Iona's alleged contributory negligence until the jury trial.

I.  **Undisputed Material Facts**

The Esterlings reside in or near Herrick, South Dakota. McGehee resides in Jackson, Mississippi. Given the nature of Marvin and Iona's injuries from the motor vehicle accident,

1

more than $75,000.00, exclusive of interest and costs, is at issue, this Court has diversity jurisdiction under 28 U.S.C. § 1332.

This case arises out of a motor vehicle accident which occurred on April 24, 2012, in rural Gregory County, South Dakota. Iona was driving a 2000 Ford Taurus eastbound on United States Highway 18 with Marvin as her passenger. McGehee was driving a 1993 GMC Suburban on an intersecting road known as 354th Avenue. McGehee failed to stop for a stop sign, and the Esterling Taurus struck the side of the McGehee Suburban. According to the Complaint and the Esterlings' submitted Statement of Undisputed Material Facts, McGehee was driving southbound on 354th Avenue in rural Gregory County before the motor vehicle accident. Doc. 1 at ¶ 6; Doc. 22 at ¶ 2. The motor vehicle accident report, however, indicates that McGehee was traveling northbound on 354th Avenue, Doc. 23-1, and McGehee has denied that he was driving southbound as the Esterlings maintain. Doc. 24 at ¶ 2. Both Iona and Marvin sustained injuries from the motor vehicle accident. Doc. 22 at ¶ 6; Doc. 24 at ¶ 6.

Nevertheless, it is undisputed that McGehee had a stop sign for his entry onto Highway 18 and failed to stop at the stop sign. Doc. 22 at ¶ 5; Doc. 24 at ¶ 5. McGehee was cited under South Dakota Codified Law (SDCL) § 32-29-2.1 for a stop sign violation in relation to the accident. Doc. 22 at ¶ 5; Doc. 24 at ¶ 5. McGehee pleaded guilty to that citation. Doc. 22 at ¶ 5; Doc. 23-2; Doc. 24 at ¶ 5.

The Esterlings sued McGehee on a negligence claim. Doc. 1. McGehee answered denying negligence and liability and raising an affirmative defense putting at issue Iona's alleged "failure to avoid the collision by maintaining a proper lookout and/or through her failure to possess and employ objectively-reasonable driving skills." Doc. 8 at ¶¶ 9, 10. The Esterlings filed requests for admissions asking McGehee to admit negligence, which McGehee refused.

McGehee acknowledged pleading guilty to a stop sign violation in connection with the accident and stated that he had no recollection of the accident and thus could not admit or deny fault. Doc. 22 at ¶ 10; Doc. 23-2; Doc. 23-3; Doc. 23-4; Doc. 24 at ¶ 10. In an accompanying interrogatory inquiring as to why negligence was being denied and contested, McGehee responded that he could not answer the interrogatory due to the early stages of discovery. Doc. 23-3. Upon the close of discovery, McGehee's counsel declined to alter or supplement those discovery responses. Doc. 22 at ¶¶ 12–13; Doc. 24 at ¶¶ 12–13.

McGehee continues to contest liability in his opposition to the Esterlings' motion for summary judgment. McGehee attached to a pleading limited excerpts of the deposition testimony of Marvin and Iona, Doc. 26-1; Doc. 26-2, and pointed to a possible contradiction between testimony of Marvin and Iona. Marvin testified[1] to seeing the McGehee Suburban one-quarter mile from the intersection and to not knowing whether the Suburban was going to stop. Doc. 26-1 at 4. In Iona's deposition testimony of which only one page of testimony is in the record, she described seeing a white vehicle coming and nothing further. Doc. 26-2 at 2. From this testimony, McGehee asserts that Iona failed to keep a proper lookout for McGehee's vehicle, which was visible for a quarter of a mile and did not show signs of stopping.

## II.   Summary Judgment Standard

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56(a) places the burden

---

[1] Marvin also testified that he saw the McGehee Suburban run through the stop sign and that the eastbound Esterling Taurus in which he was a passenger struck the Suburban on the driver's side, Doc. 26-1 at 2–4, which would support that the Suburban was northbound unlike what is set forth in the Esterlings' Complaint and Statement of Undisputed Material Facts. See Doc. 1 at ¶ 6; Doc. 22 at ¶ 2.

3

initially on the moving party to establish the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met that burden, the nonmoving party must establish that a material fact is genuinely disputed either by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1)(A), (B). In ruling on a motion for summary judgment, the facts and inferences fairly drawn from those facts are "viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587–88 (1986) (quoting United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam)).

### III. Discussion

#### A. Defendant's Negligence as a Matter of Law

The Esterlings' Complaint asserts a negligence theory against McGehee. Doc. 1. South Dakota law governs that tort claim because the motor vehicle accident occurred in South Dakota and this Court's jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 72–73 (1938). Under South Dakota law, there are three elements to a negligence claim: (1) a duty on the part of the defendant; (2) a breach of that duty; and (3) a legal or proximate injury resulting from that breach of duty. See State Auto Ins. Cos. v. B.N.C., 702 N.W.2d 379, 386 (S.D. 2005). Typically, issues of negligence and proximate cause are jury questions, "and it must be a clear case before a trial judge is justified in taking these issues from the jury." Luther v. City of Winner, 674 N.W.2d 339, 348 (S.D. 2004) (quoting Mitchell v. Ankney, 396 N.W.2d 312, 313 (S.D. 1986)). McGehee does not contest that he had a duty as a driver on a South Dakota road or that Marvin and Iona were injured in the motor vehicle accident in question. On this motion for partial summary judgment, the only questions

are whether McGehee as a matter of law breached a duty—that is, was negligent—and whether there is a genuine issue of material fact on the contributory negligence defense.

There is a long line of South Dakota cases establishing the principle that a "[v]iolation of a safety statute is negligence as a matter of law unless it is legally excused." Dartt v. Berghorst, 484 N.W.2d 891, 895 (S.D. 1992); Stevens v. Wood Sawmill, Inc., 426 N.W.2d 13, 15 (S.D. 1988); Zakrzewski v. Hyronimus, 136 N.W.2d 572, 574 (S.D. 1965); Albers v. Ottenbacher, 116 N.W.2d 529, 531 (S.D. 1962). McGehee makes no argument that his running of the stop sign controlling his entry into Highway 18 for which he was cited and pleaded guilty, was somehow legally excused. Other cases from the Supreme Court of South Dakota establish that a motorist who enters an intersection from an unfavored road (such as what McGehee did) and fails to yield to a favored vehicle (such as the Esterlings' vehicle traveling on Highway 18) is negligent as a matter of law. Carpenter v. City of Belle Fourche, 609 N.W.2d 751, 758 (S.D. 2000); Davis v. Knippling, 576 N.W.2d 525, 527–28 (S.D. 1998).

In 2008, the Supreme Court of South Dakota decided two separate motor vehicle accident cases, both cited by the Esterlings and McGehee in briefing, which address when negligence is established as a matter of law such that it should not be submitted to the jury. In Baddou v. Hall, 756 N.W.2d 554 (S.D. 2008), the court upheld a defense verdict and deemed it appropriate to have submitted the question of liability to the jury in a rear-end accident situation. Id. at 561–62. In Baddou, the defendant driver had been following the plaintiff driver's vehicle at a careful distance. Id. at 561. There were children nearby, prompting the defendant driver to look left to ensure that they would not dart out in front of her vehicle. Id. When the defendant driver looked forward again, the plaintiff driver had slowed, apparently signaling to make a left turn, and awaiting for traffic to clear. Id. at 556–57. The defendant driver braked and veered right, but

5

could not avoid striking the right rear bumper of the plaintiff driver's vehicle. Id. at 557. No citation was issued to either driver. Id. at 557. In upholding the trial judge's decision not to grant judgment as a matter of law to the plaintiff and in upholding the jury's defense verdict, the Supreme Court of South Dakota reasoned: "'Only in exceptional cases may the verdict be directed in favor of the party having the burden of proof.' Christenson v. Bergeson, 688 N.W.2d 421, 428 (S.D. 2004). Admissions of statutory violations meeting the 'exceptional' standard justify taking such cases from the jury." Baddou, 756 N.W.2d at 561. The Baddou court noted that the defendant had not admitted to following the plaintiff too closely, but gave an explanation of why nearby children caused her to look away out of a prudent concern for their safety. Id. The Supreme Court of South Dakota then reasoned: "Where the defendant admits a violation of a safety statute, negligence per se is established and the issue of liability should not be submitted to the jury. However, where the defendant has legitimately raised the issue of reasonableness, juries are best equipped to resolve the conflicts." Id. Although McGehee cites to Baddou, McGehee has proffered no explanation that he was acting reasonably when he failed to abide by the stop sign that controlled his entry into Highway 18. Rather, McGehee, unlike the defendant driver in Baddou, was cited for a stop sign violation and pleaded guilty to the violation of that safety statute,[2] thereby establishing his negligence per se.

---

[2]In Baddou, the Supreme Court stated: "Pleading guilty to . . . a violation does not conclusively establish the violation, but constitutes an admission against interest." 756 N.W.2d at 559 (citation omitted). The Supreme Court of South Dakota later in Baddou, as noted above, stated that "[w]here a defendant admits a violation of a safety statute, negligence per se is established and the issue of liability should not be submitted to the jury." This Court need not reconcile these statements because McGehee has not offered any argument that he actually stopped at the stop sign or that his violation is somehow erased. See Garden v. Cent. Neb. Hous. Corp., 719 F.3d 899, 906 (8th Cir. 2013) (explaining that a party opposing a properly supported motion for summary judgment has an affirmative burden to designate specific facts creating a triable controversy).

The other 2008 decision by the Supreme Court of South Dakota involving a motor vehicle accident bolsters the conclusion that McGehee is negligent as a matter of law. In Harmon v. Washburn, 751 N.W.2d 297 (S.D. 2008), the Supreme Court of South Dakota reversed a jury verdict for a defendant and found that the trial judge had failed in not directing a verdict for the plaintiff on liability where the accident resulted from defendant's unlawful left turn while plaintiff was lawfully passing defendant's vehicle. The plaintiff in Harmon came upon a caravan of ten vehicles on United States Highway 34 that were traveling approximately 10 miles per hour. Id. at 299. That caravan of vehicles was associated with a line of horseback riders in the area. Id. Plaintiff chose to pass the caravan at about 35 miles per hour in a passing zone and was nearly beyond defendant's vehicle, when it turned left. Id. There was disputed testimony about whether defendant had signaled a left turn, although the defendant had not abided by the South Dakota statute requiring use of a turn signal 100 feet in advance of a left-hand turn. Id. at 301; see SDCL § 32-26-18.1. The defendant's own testimony was that the left turn signal had been on for less than the 100 feet required by statute in advance of the turn. Harmon, 751 N.W.2d at 301; SDCL § 32-26-18.1. The Supreme Court of South Dakota in Harmon reasoned: "Based on the testimony it is undisputed that [defendant] Washburn violated the statute and was negligent per se. . . . It was error for the trial court not to grant a judgment as a matter of law on the issue of Washburn's negligence." Id. at 301.

McGehee is negligent as a matter of law because he admittedly violated a safety statute in failing to stop for a stop sign. McGehee has presented no evidence whatsoever to excuse that negligence or explain that negligence. Indeed, McGehee in discovery has stated that he does not remember the accident at all. This case presents a much clearer instance of negligence as a matter of law than did the case in Harmon. McGehee's continued denial of negligence is

unsupportable, and summary judgment enters for the Esterlings against McGehee on McGehee's negligence.

### B. Contributory or Comparative Negligence

The Esterlings also seek summary judgment on the contributory negligence defense that McGehee has raised. Contributory negligence under South Dakota law is breach of the duty imposed "upon persons to protect themselves from injury, and which, concurring and cooperating with actionable negligence for which defendant is responsible, contributes to the injury complained of as a proximate cause." Harmon, 751 N.W.2d at 301–02 (quoting Johnson v. Armfield, 672 N.W.2d 478, 481 (S.D. 2003)). South Dakota has a unique contributory negligence statute, under which a plaintiff whose contributory negligence is more than slight when compared to the defendant's negligence is unable to recover. SDCL § 20-9-2. A plaintiff may still recover if his or her contributory negligence is slight or less than slight when compared with the defendant's negligence, but then the recovery is reduced. Id. "As long as there is competent evidence to support the theory of contributory negligence, it is proper for the issue to go to the jury." Steffen v. Schwan's Sales Enters., Inc., 713 N.W.2d 614, 618 (S.D. 2006) (quoting Johnson, 672 N.W.2d at 481). Thus, "[c]ontributory negligence issues have been taken from the jury when the evidence appeared indisputable." Carpenter, 609 N.W.2d at 757.

McGehee's answer, appropriately, does not raise contributory negligence as a defense against the claim of Marvin, who was a passenger in the Esterlings' vehicle. See Doc. 8. McGehee's brief does not make this distinction, but presents no argument or evidence whatsoever that the passenger Marvin undertook any action that could be considered as contributory negligence.

8

This case presents a very close question on whether summary judgment on the contributory negligence claim against Iona should enter. Iona, when driving on Highway 18, was the favored driver with the right-of-way, who had "the right to assume that other drivers [would] obey the rules of the road." Harmon, 751 N.W.2d at 302 (quoting Treib v. Kern, 513 N.W.2d 908, 913 (S.D. 1994)). "When favored drivers know the road is protected by a stop sign at an intersection with another road, they may reasonably assume until seeing otherwise that motorists approaching the intersection will stop, look, and yield the right-of-way to drivers on the favored road." Carpenter, 609 N.W.2d at 758. However, even favored drivers "must use reasonable care with due regard for the safety of others. . . . That drivers have the right-of-way will not relieve them of the duty to look for cars approaching on an intersecting road." Id.

Here, McGehee's only argument of Iona's contributory negligence was her brief deposition testimony of having seen the white vehicle coming and recalling nothing further when juxtaposed against her passenger Marvin's testimony about having seen the vehicle for a quarter mile before the intersection and not knowing whether it would stop. Doc. 26-1; Doc. 26-2. Only one page of the deposition transcript of Iona and just three pages of the deposition transcript of Marvin are in the record. Meanwhile, McGehee apparently does not remember the accident at all. The Complaint and Statement of Undisputed Material Facts from the Esterlings aver that McGehee was traveling southbound, but the accident report and McGehee's response indicate that he was going northbound.[3] It is unclear at this time whether this factual incongruity is attributable to a mistake by a lawyer in the case, a mistake by the writer of the accident report, or such an absence of observation by Iona as to not know which direction the McGehee vehicle was traveling. The status of the record on summary judgment, where all facts and reasonable

---

[3]As set forth in footnote 1 above, Marvin's testimony about the impact makes sense only if the McGehee vehicle was northbound.

inferences from the facts must be construed in the light most favorable to the nonmoving party, leaves this Court with enough uncertainty to defer until trial the decision on whether to submit contributory negligence to the jury. After all, as the Supreme Court of South Dakota declared in Carpenter: "Most often, questions of contributory negligence in intersectional accidents are for the jury, especially when reasonable persons might fairly reach different conclusions." 609 N.W.2d at 757.

The parties should not take this decision as forecasting that a contributory negligence defense will be submitted to the jury. The Supreme Court of South Dakota has found submitting a contributory negligence claim inappropriate in a number of motor vehicle accident cases. See Harmon, 751 N.W.2d at 302 (finding the trial court should not have submitted contributory negligence instructions and overturning defense verdict where plaintiff was legally passing defendant's vehicle when defendant turned left); Steffen, 713 N.W.2d at 619–21 (finding insufficient evidence to submit contributory negligence to the jury where plaintiff had pulled car to the side of the road to make way for an emergency vehicle and was struck from the rear by defendant's vehicle when defendant expected traffic to be moving forward); Johnson, 672 N.W.2d at 481–82 (finding submission of contributory negligence and defense verdict improper where defendant turned onto road and caused accident, when there was no expert testimony or direct testimony of any eye witness or officer to support defendant's belief that plaintiff must have been speeding); Klarenbeek v. Campbell, 299 N.W.2d 580, 581 (S.D. 1980) (reversing defense verdict based on contributory negligence where plaintiff stopped her car when pulling out of a parking lot to allow traffic on a road to clear and was struck by a vehicle backing out of a parking space). If the evidence at trial is clear and not subject to genuine dispute that Iona was keeping a proper lookout as she drove eastbound on Highway 18, the contributory negligence

defense will not be submitted to the jury. As an affirmative defense, McGehee has the burden of proof in establishing contributory negligence. Johnson, 672 N.W.2d at 481. He thus will need to present "competent evidence to support the theory of contributory negligence" before such a defense will go to the jury. Steffen, 713 N.W.2d at 618 (quoting Johnson, 672 N.W.2d at 481).

### IV.     Conclusion and Order

For the reasons explained above, it is hereby

ORDERED that Plaintiffs' Motion for Partial Summary Judgment Re: Liability, Doc. 21, is granted to the extent that summary judgment under Rule 56 hereby enters as to Defendant's negligence and on any argument of the Defendant that Plaintiff Marvin Esterling was contributorily negligent. It is further

ORDERED that Plaintiffs' Motion for Partial Summary Judgment Re: Liability, Doc. 21, is denied without prejudice to renewing a motion for judgment as a matter of law at trial on the defense of contributory negligence as concerns Plaintiff Iona Jean Duerfeldt-Esterling. It is finally

ORDERED that the parties contact the Court to set dates for a jury trial and deadlines for certain pretrial motions and disclosures.

DATED this 25th day of March, 2015.

BY THE COURT:

*Roberto A. Lange*
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE